UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Zehnder Consulting, lnhaber Dr Thomas Zehnder,<br><br>Plaintiff,<br><br>v.<br><br>Highridge Medical, LLC,<br><br>Defendant. | Case No. 2:25-cv-00927<br><br>JURY TRIAL DEMANDED |

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Zehnder Consulting, lnhaber Dr Thomas Zehnder ("Zhender" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against Highridge Medical, LLC ("Highridge" or "Defendant"), and alleges, upon information and belief, as follows:

THE PARTIES

1. Zehnder Consulting, lnhaber Dr Thomas Zehnder is a company organized and existing under the laws of Switzerland with its principal place of business at Baarerstrasse 54, 6300, Zug, Switzerland.

2. Upon information and belief, Highridge Medical, LLC is a company organized and existing under the laws of the State of Delaware, and as shown below, with a place of business in this District. Upon information and belief, Defendant can be served with process upon its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

3. Upon information and belief, Defendant's parent, H.I.G Capital acquired the Spine division of ZimVie, Inc., Zimmer Spine.[1] The acquired business was renamed Highridge Medical, LLC. Through that acquisition and renaming, Defendant assumed all liabilities arising from ZimVie, Inc.'s past and present acts and omissions.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

6. Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

7. Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

---

[1] *See* https://hig.com/news/h-i-g-capital-acquires-the-spine-business-of-zimvie-rebranded-as-highridge-medical/#:~:text=H.I.G.,continue%20as%20President%20of%20Highridge.

8. Defendant maintains regular, physical, continuous, and established places of businesses, including places of business for Defendant's Human Resources Executive, in this District, which Defendant has established, ratified, and controlled; have employed people to conduct their business from this District; and from which they have willfully infringed the '618 Patent in order to benefit themselves in this District. Defendant commits acts of infringement in this District, including as explained further below by making and using the infringing systems in, and performing at least one step of the accused methods of the '618 Patent, at their regular and established places of business in this District.

9. Upon information and belief, Defendant has authorized Supplier agents in the Eastern District of Texas, (collectively "Supplier Agents"). Defendant has a regular and established place of business in this District through the Supplier Agents acting as agents. Defendant manifests assent to the Supplier Agents that they shall act on Defendant's behalf and subject to its control, and the Supplier Agents manifest assent or otherwise consent to act. Defendant maintains "interim control" over the Supplier Agents' work, in which they rely on interactions and Defendant's instructions within the scope of their work.

10. Upon information and belief, the contracts between Defendant and the Supplier Agents establish (1) Defendant has the right to direct and control the Supplier Agents, (2) Defendant has manifested consent that Supplier Agents act on its behalf, and (3) the Supplier Agents have consented to act on behalf of Defendant. The Supplier Agents sell, monitor, train, oversee use, and handle complaints and returns, instruments and implants obtained from and on behalf of Defendant for Suppliers in this District. Those activities involve storage, transport, training, monitor and exchange of goods and services and are part of Defendant's business.

11. Upon information and belief, Defendant has established and ratified the Supplier Agents' places of business because the contracts affect how they perform hospital set ups, approval of procedures to be performed at hospitals with Defendant products, sales, training, handling complaints, returns. Defendant also provides the Supplier Agents with all information required to properly get products approved at hospitals.

12. The Supplier Agents in this district have fixed geographical locations. They are "regular" and "established" because they operate in a "steady, uniform, orderly, and methodical manner" and are sufficiently permanent. These locations are "of the defendant" because Defendant has contractual rights with them—authorized distributors in the United States.

13. Defendant ratifies the Supplier Agents' locations because it exercises interim control over the Supplier Agents' activities and holds out to the public that Defendant's distribution, warehousing, marketing and sales of the products are being performed at and by Supplier Agents' locations in this District.

14. Defendant also has regular, physical presences of Defendant employees in this District conducting Defendant's business. Defendant maintains a regular and established place of business at the Defendant defined places and separate areas at the Supplier Agents' locations by the regular, physical presence of its employees.

15. As shown below, Defendant has employees in the Eastern District of Texas:

> **Jen Tiner** ☑ · 3rd
> Human Resources Executive
> Allen, Texas, United States · Contact info
> 500+ connections



        *See* https://www.linkedin.com/in/jenniferkirtley/ (screenshot of Jen Tiner's LinkedIn page, as Human Resource Executive of Defendant in Allen, TX) and https://highridgemedical.com/team/jen-tiner/ (link to Jen Tiner Bio).

16. As shown above, these employees are located in this District. Their locations within the Eastern District of Texas are important to the business performed and defendant had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

17. Defendant's employees also not merely possess inventory. Their use in the Eastern District of Texas part of Defendant's services to its Eastern District of Texas Suppliers, a job that falls on these employees. When sample products or inventory arrive at these employees' places of businesses, they then visit local Suppliers to deliver or show the samples.

18. Defendant has further solicited salespeople in public advertisements to cover the challenged venue area and preferred that those employees live in their assigned sales area. Their locations within the Eastern District of Texas are important to the business performed and defendant had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

19. Defendant has regular, physical presences of Defendant employees in this District conducting Defendant's business. Defendant maintains a regular and established place of business at the Defendant defined places and separate areas by the regular, physical presence of its employees.

20. Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District. *See In re Monolithic Power Sys., Inc.,* 50 F.4th 157, 160 (Fed. Cir. 2022); *see also AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *9 (E.D. Tex. May 12, 2022); *IOT INNOVATIONS LLC, Plaintiff, v. MONITRONICS INTERNATIONAL, INC., d/b/a BRINKS HOME*, Defendant., No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *5 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted sub nom. Iot Innovations LLC v. Monitronics Int'l, Inc.*, No. 222CV00432JRGRSP, 2023 WL 6300560 (E.D. Tex. Sept. 27, 2023).

## BACKGROUND AND PATENTS-IN-SUIT

21. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,414,618 ("the '618 Patent" or "Asserted Patents") relating to a vertebral column implant of the type comprising a connecting element and a number of bone screws, each having a seat for this connecting element.

22. The inventors, in a written instrument, and filed with the United States Patent and Trademark Office, assigned all rights, title, and interest in the '618 Patent to Plaintiff.

23. The '618 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. The inventions described and claimed in the '618 Patent was invented individually and independently.

25. The '618 Patent includes numerous claims defining distinct inventions. As represented in Figs. 1, 1A, 2 and 2A of the '618 Patent below, the inventions generally relate to a vertebral column implant of the type comprising a connecting element and a number of bone screws, each having a seat for this connecting element.



26. The priority date of the '618 Patent is at least as early as May 21, 2002. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

27. The '618 Patent is pioneering and have been, respectively, cited as relevant prior art in 271 subsequent United States Patent Applications, including Applications Assigned to Defendant and such technology leaders and academia as Globus Medical, Inc., Depuy Spine, Inc., Applied Spine Technologies, Inc., Yale University, Stanford University, and Alphatec Spine, Inc.

28. The claims of the '618 Patent was all properly issued and are valid and enforceable for the respective terms of their statutory life through expiration and are enforceable for purposes of seeking damages for past infringement.

29. All requirements of 35 U.S. Code § 287 have been satisfied. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). Plaintiff has either satisfied the notice requirement by (1) providing constructive notice or (2) the requirement does not apply because the patents are directed to methods or because Plaintiff never made or sold a patented article. *Id*.

## DEFENDANT'S INFRINGING PRODUCTS

30. Upon information and belief, Defendant makes, sells, advertises, offers for sale, uses, or otherwise provides methods and systems for a vertebral column implant of the type comprising a connecting element and a number of bone screws, each having a seat for this connecting element, including, but not limited to, The Tether™ Vertebral Body Tethering System, including all augmentations ("Accused Instrumentalities"), that utilize the '618 Patent's patented vertebral column implant methods and systems, as shown exemplarily below and attached as Exhibit A.

31. As exemplarily shown in more detail of Exhibit A, Defendant's Accused Instrumentalities include each and every limitation of the patents-in-Suit and at least, but not limited to, claim 1 of the '618 Patent and therefore literally infringe these claims.



32. As shown above and in Exhibit A, Defendant's products include each and every limitation of at least, but not limited to, claim 1 of the '618 Patent and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

## COUNT I
## Infringement of U.S. Patent No. 8,460,618

33. Plaintiff incorporates the above paragraphs by reference.

34. Defendant without authority, made, used, sold, offered to sell, and/or imported into the United States its Accused Instrumentalities as shown above.

35. Defendant thus has infringed at least claim 1 of the '618 Patent literally and/or under the doctrine of equivalents.

36. Defendant has also actively induced the infringement of at least one of claim 1 of the '618 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing videos of use such as the videos above, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '618 Patent, without license or authority from Plaintiff. On information and belief, Defendant knows that the induced acts constitute infringement of the '618 Patent.

37. Defendant individually, collectively, or through others or intermediaries, has contributorily infringed in violation of 35 U.S.C. § 271(c), at least one claim of the '618 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '618 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '618 claims.

38. Defendant has been on actual notice of the '618 Patent at least as early as 2007 as it was cited for its predecessor's own patent prosecution, as shown below in relevant part.[2] Thus, Defendant's direct and indirect infringement of the '618 Patent has thus been committed with knowledge of the '618 Patent, making Defendant liable for direct, indirect, and willful infringement.

| US8292925B2 | 2007-06-19 | 2012-10-23 | Zimmer Spine, Inc. |

---

[2] *See* https://patents.google.com/patent/US8414618B2/en?oq=8%2c414%2c618 (screenshot of Google Patent list of "Cited By" for the '618 Patent).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    10

39.  As one non-limiting example, and as shown below,³ Defendant, with knowledge that the accused vertebral column implants and components thereof infringe at least as of 2007, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '618 Patent by providing product manuals that instruct end users how to use the Defendant's vertebral column implants, including specifically how to perform surgeries with and care for the Accused Instrumentalities. Defendant has induced infringement by others, including end users and surgeons, with the intent to cause infringing acts by others or, in the alternative, with the belief that there is a high probability that others, including end users, infringe the '618 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.



40.  Plaintiff has been damaged because of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

---

³ *See* https://highridgemedical.com/spine-products/the-tether-vertebral-body-tethering-system/

41. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the '618 Patent;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the '618 Patent;

3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

4. An award to Plaintiff of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '618 Patent; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/ Christopher A. Honea*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**ATTORNEYS FOR PLAINTIFF**